McFADDEN, Judge,
dissenting.
McDuffie was injured in 2002, given a sedentary work restriction in 2005, and injured again in 2009. The principal issue in this case is whether his condition improved between 2005 and 2009. The majority purports to affirm a finding by the ALJ and the Appellate Division that his condition did not improve during that time. On the basis of that purported finding, the majority holds that, once McDuffie had recovered from his 2009 injury to the extent he was in the same condition he had been in in 2005, EMC was authorized to discontinue his workers’ compensation benefits.
But those tribunals did not so find. And the doctors whose testimony the majority cites did not so testify. I therefore respectfully dissent.
As the majority holds, we must construe the evidence in the light most favorable to the party prevailing before the Appellate Division. Evergreen Packaging v. Prather, 318 Ga. App. 440, 443 (734 SE2d 209) (2012). “Nevertheless, we review de novo erroneous applications of law to undisputed facts, as well as decisions based on erroneous theories of law.” Id. (citation and punctuation omitted).
The ALJ made an express factual finding that, when McDuffie was injured in 2009, he was performing the essential functions of a nonsedentary job. Specifically, she found that McDuffie “did perform the essential functions” of a position that “is more strenuous than light duty” There was evidence to support this finding, and EMC does not appear to dispute it.
*205 The ALJ did not find that when EMC stopped paying McDuffie’s workers’ compensation benefits, McDuffie was again able to perform the essential functions of a position that is more strenuous than light duty. Instead, she found that when EMC stopped paying benefits, McDuffie “was still having problems with his knee” but had “improved to the extent that he ha[d] no restrictions other than those he already was under at the time he was hired by EMC,” namely restrictions imposed in 2005 that limited him to sedentary work. (Emphasis supplied.) There was evidence to support this finding as well. The Appellate Division accepted the ALJ’s factual findings in affirming her decision.
Nevertheless, the ALJ concluded that McDuffie was not entitled to continued workers’ compensation benefits on the ground that his post-injury condition — restricted to sedentary work — was the same as his 2005 pre-injury condition — restricted to sedentary work. This conclusion was erroneous, given that by 2009 McDuffie was capable of and was in fact performing nonsedentary work.
The Workers’ Compensation Act defines the term “change in condition,” in pertinent part, to mean “a change in the . . . physical condition ... of an employee . . . , which change must have occurred after the date on which the . . . physical condition . . . was last established by award or otherwise.” OCGA § 34-9-104 (a) (1). And it recognizes as a compensable injury the aggravation of a preexisting condition, “for so long as the aggravation of the preexisting condition continues to be the cause of the disability[.]” OCGA § 34-9-1 (4). Neither of these provisions authorized the ALJ to look to McDuffie’s physical condition in 2005, rather than his physical condition immediately before his injury in 2009, to determine his eligibility for continued benefits as his condition improved in 2011.
The ALJ, as factfinder, was entitled to credit the medical testimony that by 2011 McDuffie had returned to a level of physical ability where he could perform sedentary work. But the doctors who treated him at that time and who provided that testimony were not familiar with McDuffie’s physical condition immediately before his 2009 injury and so did not purport to be able to opine about his condition immediately before his 2009 injury.
In any event, the ALJ found that McDuffie was capable of more than sedentary work immediately before the 2009 injury. It thus was error for her to conclude, and for the Appellate Division and superior court to affirm, that McDuffie’s capability for sedentary work following the 2009 injury precluded him from further workers’ compensation benefits.
*206 Decided July 15, 2016
Nelson & Smith, Blake J. Smith, David B. Ricks, for appellant.
Hall Booth Smith, Frederick L. Hubbs, Jr., David S. Dix, for appellees.